UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

LIQUIVITA, LLC,

       Plaintiff,

   v.

NEOLIFE INTERNATIONAL, LLC

       Defendant.

                                   /

Case No. 19-cv-61659-WPD

### **Defendant NeoLife International's Motion to Stay Discovery**

Pursuant to Fed. R. Civ. P. 26(c) and the Court's inherent power to control its docket, Defendant NeoLife International moves for an order: (1) confirming that NeoLife's motion to dismiss did not trigger the requirement that the parties confer regarding the joint scheduling report, and (2) staying discovery pending resolution of NeoLife's motion to dismiss Plaintiff's amended complaint for lack of personal jurisdiction and lack of subject matter jurisdiction.

### **Introduction**

Plaintiff Liquivita's amended complaint asserts two claims.[1]  The first is an appeal under 15 U.S.C. § 1071(b)(1) from a decision of the Trademark Trial and Appeal Board ("TTAB") [D.E. 13 ¶¶ 49-53].  The second is a declaratory judgment action seeking a declaration that it does not infringe NeoLife's trademark [*id.* ¶¶ 54-57].

---

[1] Liquivita's original complaint asserted the same causes of action.  NeoLife moved to dismiss the complaint for lack of personal jurisdiction and lack of subject-matter jurisdiction [DE 12].  As NeoLife was finalizing this motion to stay, Plaintiff Liquivita filed an amended complaint [DE 13] adding some allegations, but asserting the same claims.  Amending the complaint temporarily mooted NeoLife's motion to dismiss.  However, NeoLife will soon file an updated motion to dismiss explaining that Liquivita's amended allegations do not solve the lack of personal and subject matter jurisdiction.

50118626;3

Defendant NeoLife moved to dismiss [D.E. 12] the original complaint for two reasons, and the same deficiencies apply to the amended complaint. First, this Court lacks personal jurisdiction over NeoLife, a Nevada entity headquartered in California. NeoLife's limited contacts in Florida do not merit an exception to the general rule under recent Supreme Court caselaw that general personal jurisdiction over an entity exists only in that entity's state of incorporation and the state of its principal place of business. There is also no specific personal jurisdiction here because none of NeoLife's alleged activities in Florida, including those alleged in the amended complaint, gave rise to either claim.

Second, this Court lacks subject matter jurisdiction over Plaintiff's declaratory judgement claim because Plaintiff did not allege any action by NeoLife that establishes a ripe case and controversy regarding whether Plaintiff infringes NeoLife's trademark. Even in the amended complaint, Plaintiff Liquivita does not allege that NeoLife has ever threatened Liquivita with suit, sent NeoLife a cease and desist letter, or even accused Liquivita of engaging in trademark infringement. Liquivita's allegations regarding NeoLife filing papers opposing Liquivita's registration of Liquivita's trademark at the Patent and Trademark Office is insufficient.

After NeoLife filed its motion to dismiss, Liquivita contacted NeoLife to meet and confer regarding a joint scheduling report, asserting that the parties were required to do so by the July 11 Order Requiring Counsel To Meet, File Joint Scheduling Report And Joint Discovery Report [D.E. 7] ("July 11 Order"). That order only requires the parties to confer regarding the joint scheduling report "after the filing of the first responsive pleading" by NeoLife. As explained below, NeoLife's motion to dismiss is not a "responsive pleading" under the Federal Rules; thus, the requirement to confer on the joint scheduling report has not yet been triggered. In any event, in light of the fatal jurisdictional issues raised in NeoLife's motion to dismiss the complaint (and that

will shortly be re-raised in a motion to dismiss the amended complaint), a stay of discovery is warranted. Liquivita, however, disagrees. Accordingly, NeoLife respectfully requests this Court to confirm that NeoLife's motion to dismiss did not trigger the requirement that the parties confer regarding the joint scheduling report and/or to stay discovery until the Court rules on NeoLife's forthcoming renewed motion to dismiss.

## Argument

I.  **NeoLife's Motion to Dismiss is Not A Responsive Pleading And Thus Did Not Trigger the Requirement for the Parties to Confer On A Joint Scheduling Report**

The July 11 Order requires certain actions, including conferral on a joint scheduling report, "after the filing of the first responsive pleading by the last responding defendant." However, under Rule 12 of the Federal Rules of Civil Procedure and prior precedent of this Court, NeoLife's motion to dismiss for lack of personal jurisdiction and subject-matter jurisdiction is not a "responsive pleading."

Rule 12(a)(1) of the Federal Rules of Civil Procedure sets forth "the time for serving a responsive pleading." Rule 12(a)(4) then states that "serving a motion under this rule alters these periods as follows: (a) if the court denied the motion or postpones its depositions until trial, the *responsive pleading* must be served within 14 days after notice of the court's action; …" Because filing a Rule 12 motion (which includes motions to dismiss for lack of subject-matter jurisdiction and lack of personal jurisdiction) postpones the deadline for serving the "responsive pleading" until after the ruling on the motion, plainly the motion is not itself the "responsive pleading." This also follows from Rule 12(b), which states that a "*motion* asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed." (emphases added)

This Court has recognized that a motion to dismiss is not a responsive pleading, and thus does not trigger events to take place after a responsive pleading has been filed. *Maale v. Caicos*

3

*Beach Club Charter, Ltd.*, No. 08-80131-CIV, 2008 WL 11333701 (S.D. Fla. Dec. 8, 2008). In *Maale*, "Defendants [had] pending Motions to Dismiss the Amended Complaint before Judge Dimitrouleas. *As a result, no responsive pleading [had] been filed*." 2008 WL 11333701, at *2 (emphasis added). The Court explained further:

> In light of the pending Motions to Dismiss and the Initial Discovery Order's express requirement that the meet and conferral regarding discovery occur after the "first responsive pleading by the last responding defendant," at this time, no meet and conferral of Defendants and Plaintiffs is necessarily required.

*Id*. at *3; *see also Fortner v. Thomas*, 983 F.2d 1024 (11th Cir. 1993) ("It is well established in this circuit that a motion to dismiss is not considered a responsive pleading for purposes of rule 15(a)").

Accordingly, because NeoLife's motion to dismiss was not a responsive pleading, NeoLife respectfully requests the Court to confirm that the July 11 Order's requirement for the parties to confer regarding a joint scheduling report "after the filing of the first responsive pleading" has not yet been triggered.

## II. The Court Should Stay Discovery Pending a Decision on NeoLife's Forthcoming Motion to Dismiss The Amended Complaint

### A. Discovery Should Be Stayed

The significant burden of discovery should not be imposed upon NeoLife if the Court has no personal jurisdiction over it. Although Liquivita filed an amended complaint hours before this motion was filed, temporarily mooting NeoLife's motion to dismiss, NeoLife will shortly renew its motion in connection with the amended complaint on the same jurisdictional grounds.

District courts have broad discretion to stay discovery for "good cause shown," Fed. R. Civ. P. 26(c), and have a "responsibility to manage the discovery process in a manner that avoids abuse of the process and prejudice to the parties." *Staup v. Wachovia Bank, N.A.*, No. 08-60359,

4

50118626;3

2008 WL 1771818, at *1 (S.D. Fla. 2008) (*citing Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1353 (11th Cir. 1997)). To that end, district courts are empowered by Fed. R. Civ. P. 26(c) to stay discovery pending resolution of a motion to dismiss that, if granted, "will dispose of the entire case." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (staying discovery pending resolution of motion to dismiss).[2]

As the Eleventh Circuit has explained, "[f]acial challenges to the legal sufficiency of a claim … should … be resolved before discovery begins." *Chudasama*, 123 F. 3d at 1367. Indeed, permitting discovery to proceed on a potentially invalid claim would "encourage[] abusive discovery and, if the court ultimately dismisses the claim, impose[] unnecessary costs." *Id*. at 1368. Thus, any "legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.*

In deciding whether a stay of discovery pending resolution of a pending motion is appropriate, "the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Ameritox, Ltd. v. Millennium Labs. Inc.*, No. 11-775-T-24-TBM, 2012 WL 1758144, at *2 (M.D. Fla. May 16, 2012) (staying discovery pending resolution of dispositive motion upon showing of good cause). In so doing, "the Court must take a preliminary peek at the merits of a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685 (citation and internal quotation marks omitted).

A stay of discovery is amply warranted under these standards.

---

[2] *See also Moore v. Potter*, 141 Fed. Appx. 803 (11th Cir. 2005) (affirming stay of discovery pending resolution of motion to dismiss); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (no error in suspending discovery because "there was no need for discovery before the district court ruled on [dispositive] motions").

**B.     NeoLife's Motion to Dismiss is Meritorious and Case Dispositive**

The required "preliminary peek" at NeoLife's bases for dismissal reveals that NeoLife's motion to dismiss is meritorious and case dispositive.

First, as set forth above, NeoLife is not subject to personal jurisdiction in Florida. As this Court has recognized, recent Supreme Court cases have made a "dramatic change in the personal jurisdiction landscape." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1334 (S.D. Fla. 2016). General personal jurisdiction will normally be found over an entity in only two states: "its place of incorporation and its principle place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). To support general personal jurisdiction in any other state, operations in that forum must be "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 137 n.19. The allegations in the amended complaint, such as that "a consumer residing in the Southern District of Florida" purchased goods from NeoLife's website and that NeoLife "sells its products to independent contractors, including some in Florida, who then sell the products to end consumers," do not come close to meeting this high standard. *See* ECF No. 13 ¶¶ 22-23; *Thompson*, 174 F. Supp. 3d at 1334 (a finding that a corporation is "at home" in a state that is neither its place of incorporation nor is principal place of business will occur only in "'exceptional' cases.")

With respect to specific personal jurisdiction, Plaintiff's first cause of action is an appeal pursuant to 15 U.S.C. § 1071(b)(1) of a decision in a Trademark Trial and Appeal Board ("TTAB") opposition proceeding refusing to register Plaintiff's trademark. Such claims arise where the opposer in the TTAB opposition proceeding (here, NeoLife) is located, which is California, not Florida. *E.g.*, *Rieke Corp. v. Am. Flange & Mfg. Co.*, No. 67-cv-275, 2007 WL 1724897, *3 (N.D. Ind. June 12, 2007); *E. & J. Gallo Winery v. Candelmo*, 192 U.S.P.Q. 210, 211-12 (D.D.C. 1976).

6

Plaintiff's second cause of action is for a declaratory judgment that it is not infringing NeoLife's trademark.  In the original complaint, Plaintiff did not make any factual allegations relating to specific personal jurisdiction for this claim. Notably, in the Amended Complaint, Plaintiff alleges that "Defendant made statements and representations throughout the [TTAB] proceedings that form the basis of Plaintiff's reasonable apprehension that it will be sued for trademark infringement if it continues to use the LIQUIVIDA LOUNGE Mark." ECF No. 13 ¶ 36. The TTAB proceedings, and the statements made in them, took place before the TTAB at the U.S. Patent and Trademark Office, not in Florida.  Even as alleged by Plaintiff, any contacts by NeoLife with Florida are tangential and *de minimus*.  Plaintiff's second of action does not concern alleged contacts by NeoLife with Florida.

In addition, because Plaintiff has failed to allege a sufficient basis for reasonable apprehension of being sued by NeoLife for trademark infringement, such as threat of suit or a cease and desist letter, Plaintiff's declaratory judgment count must also be dismissed for not pertaining to a ripe case or controversy.  That is a fatal defect in subject-matter jurisdiction.

Because NeoLife's grounds for dismissing the complaint are both meritorious and case dispositive, good cause is present for staying discovery. *See Textile USA, Inc. v. Diageo North America, Inc.*, No. 15-24309, 2016 WL 11317301, *1 (S.D. Fla., Jun. 8, 2016).  Such a stay is particularly warranted where, as here, the challenges to the complaint are jurisdictional in nature. *See Seaway Two Corp. v. Deutsche Lufthansa AG*, No. 06-20993, 2006 WL 8433652, (S.D. Fla., Nov. 11, 2006) ("because the Motion to Dismiss asserts that the Court has neither subject matter jurisdiction over the case nor personal jurisdiction over Lufthansa Consulting, it is possible that the Court lacks the authority to mandate that the parties engage in discovery. There is a significant possibility that the need for discovery may be entirely eliminated through the disposition of

7

Defendants' Motion to Dismiss and/or Motion to Stay Litigation and, therefore, the potential benefits of discovery at this juncture are small.")[3]

### C. Plaintiff Will Not Be Prejudiced by A Stay of Discovery

Plaintiff will not be prejudiced by a stay. Plaintiff was already able to obtain discovery from NeoLife during the TTAB proceeding that underlies its appeal to this Court in its first cause of action. If Plaintiff failed to obtain some sort of relevant discovery when it had the chance in the TTAB proceeding, any additional time before a second bite at the apple should not result in any material prejudice. On the other hand, mandating that NeoLife engage in discovery when, as NeoLife contends, this Court lacks personal jurisdiction over it would be unjust and a waste of NeoLife's resources.

### Local Rule 7.1(a)(3) Certificate of Counsel

Counsel for Defendant NeoLife certifies that it has conferred with counsel for Plaintiff, who advised that Plaintiff opposes the requested relief.

---

[3] Notably, there would be no purpose to jurisdictional discovery in connection with NeoLife's motion to dismiss. There is nothing to discover with respect to personal jurisdiction in connection with count one, Plaintiff's appeal of the adverse TTAB ruling against its trademark. In addition, by virtue of the fact that Plaintiff's declaratory judgment action must be supported by a reasonable apprehension on Plaintiff's part of being sued by NeoLife for infringement, Plaintiff needs to already be aware of the facts that could support jurisdiction in order to have a viable claim. Anything known only to NeoLife (and thus obtainable only via discovery) could not support the basis for jurisdiction in connection with a declaratory judgment claim for noninfringement.

## **Conclusion**

For the foregoing reasons, Defendant NeoLife respectfully requests the Court to confirm that the obligation to confer on the joint scheduling report has not yet been triggered and to order that all discovery obligations be stayed pending resolution of NeoLife's soon-to-be-filed motion to dismiss the amended complaint.

Date:  September 12, 2019.                     Respectfully submitted,

                                                         */s/ David Brafman*
                                                         Peter A. Chiabotti
                                                         Florida Bar No. 602671
                                                         David Brafman
                                                         Florida Bar No. 68289
                                                         AKERMAN LLP
                                                         777 S. Flagler Drive
                                                         Suite 1100, West Tower
                                                         West Palm Beach, FL 33401
                                                         Telephone: (561) 653-5000
                                                         Facsimile: (561) 659-6313
                                                         Email: peter.chiabotti@akerman.com
                                                         Email: david.brafman@akerman.com

*Counsel for Defendant NeoLife International, LLC*